## Case No. 15,451.

UNITED STATES v. IVY.

[Hempst. 562.] [2]

Circuit Court. D. Arkansas. Dec., 1847.

FEDERAL COURTS—JURISDICTION OF OFFENCES IN INDIAN COUNTRY.

1. The circuit court of the United States had no jurisdiction to punish offences committed in the Indian country west of Arkansas, anterior to the 17th of June. 1844.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reported by Samuel H. Hempstead, Esq.]

2. Cases of U. S. v. Alberty [Case No. 14,426], and U. S. v. Starr [Id. 16,379], cited and confirmed.

[This was a writ of habeas corpus sued out in behalf of Joseph Ivy, who was held for trial on a charge of murder.]

S. H. Hempstead, U. S. Dist. Atty.
E. H. English, for defendant.

Before JOHNSON, District Judge.

OPINION OF THE COURT. On hearing this case and carefully examining the evidence, it appears clearly that the defendant has been committed for trial in the circuit court, charged with the murder of Larkin Eckles, a white man, in the Cherokee Nation, west of Arkansas, on the 7th September, 1840. The offence having been perpetrated in the Indian country anterior to its annexation to the district of Arkansas, by the act of congress of the 17th of June, 1844 (10 Laws, 583 [5 Stat. 680]), the circuit court of the United States has no jurisdiction to try the defendant, as has been heretofore expressly decided in U. S. v. Alberty [Case No. 14,426], and U. S. v. Starr [Id. 16,379], the doctrine of which cases is deemed to be entirely correct, and decisive of the present question, and consequently the defendant must be discharged from further imprisonment. Discharged accordingly.